# Exhibit F

# Exhibit F-1

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

*CITATION*                          *Cause No. 141-278157-15*

BARBARA DAVIE

VS.

ASI LLOYDS, ET AL

TO: ASI LLOYDS

B/S RODNEY D BUCKER REG AGT 700 N PEARL ST 25TH FL DALLAS, TX 75201- US

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof
before the 141st District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth,
Tarrant County, Texas said PLAINTIFF being

RECEIVED

MAY 04 2015

TCCI

BARBARA DAVIE

Filed in said Court on  April 29th, 2015 Against
ASI LLOYDS, AARON REAGAN

For suit, said suit being numbered 141-278157-15 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

MATTHEW J WORRALL
Attorney for BARBARA DAVIE Phone No. (713)963-8881
Address      100 WAUGH DR STE 350 HOUSTON, TX 77007

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas, Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 29th day of April, 2015

By _____ Deputy
KIMBERLY KRUMLAND

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 200 E WEATHERFORD, FORT WORTH TX 76196-0402

### OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION  having first
endorsed on same the date of delivery.

Deputy/Constable/Sheriff: _____

County of _____ State of _____ By _____ Deputy

Fees $_____

State of _____ County of _____ (Must be verified if served outside the State of Texas)

Signed and sworn to by the said _____ before me this _____ day of _____, ____

to certify which witness my hand and seal of office
(Seal)

County of _____, State of _____

FILED
TARRANT COUNTY
4/29/2015 8:55:43 AM
THOMAS A. WILDER
DISTRICT CLERK

Cause No. _____                    141-278157-15

| | | |
|---|---|---|
| BARBARA DAVIE | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| | § | |
| ASI LLOYDS AND AARON REAGAN | § | _____ JUDICIAL DISTRICT |
| | § | |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Barbara Davie, Plaintiff (hereinafter referred to as "Plaintiff"), and files this Original Petition against Defendants, ASI Lloyds (hereinafter referred to as "ASI") and Aaron Reagan (hereinafter referred to as "Reagan") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.      Plaintiff, Barbara Davie, is an individual residing in and/or owning property in Tarrant County, Texas.

2.      Defendant, ASI Lloyds, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served by serving its Registered Agent for service of process via certified mail: Rodney D Bucker, 700 North Pearl Street 25th Floor, Dallas, Texas 75201.

3.      Defendant, Aaron Reagan, is an individual residing in and domiciled in the State of Texas. This defendant may be served via certified mail at 4827 Hidden Chestnut Lane, Houston, Texas 77084.

1

141-278157-15

## DISCOVERY LEVEL

4.     Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## JURISDICTION

5.     The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.     The Court has jurisdiction over Defendant, ASI, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

7.     The Court has jurisdiction over Defendant, Reagan, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

8.     Venue is proper in Tarrant County, Texas, because the insured property is situated in Tarrant County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

9.     Plaintiff is the owner of a property insurance policy ("the Policy") issued by ASI.

10.     Plaintiff owns the insured property located at 3249 Kathy Lane (hereinafter referred to as "the Property").  ASI sold the Policy insuring the Property to Plaintiff.

141-278157-15

11.     On or about October 02, 2014, a hail storm and/or windstorm struck Tarrant County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property including extensive damage to Plaintiff's roof.

12.     Plaintiff subsequently submitted a claim to ASI for the damage the Property sustained as a result of the Storm. Plaintiff requested that ASI cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

13.     Defendant ASI assigned Reagan as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property. The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection. The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

14.     ASI and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

15.     Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of

141-278157-15

Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

16.     As detailed in the paragraphs below, ASI wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.     To date, ASI continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

18.     Defendant ASI failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. ASI's conduct constitutes a breach of the insurance contract between ASI and Plaintiff.

19.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.0060(a)(2)(A).

141-278157-15

21.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

22.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

23.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

24.     Defendant ASI failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

141-278157-15

25.     Defendant ASI failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26.     Defendant ASI failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant ASI, the liability of ASI to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, ASI has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. ASI's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION

30.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.     Causes of Action Against Reagan

31.     ASI assigned Reagan to adjust this claim. Reagan was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages. Reagan did not

141-278157-15

properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof. Reagan refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy. The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

**A.      Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

32.      Defendant Reagan's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

33.      Defendant Reagan is individually liable for his unfair and deceptive acts, irrespective of the fact Reagan was acting on behalf of ASI, because Reagan is a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

34.      Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages

7

141-278157-15

and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Reagan's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

35.    Defendant Reagan's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

36.    Defendant Reagan failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement. Specifically, Defendant Reagan failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant Reagan did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

37.    Defendant Reagan's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

141-278157-15

38.    Defendant Reagan did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to ASI. Defendant Reagan's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

II.    Causes of Action Against ASI

39.    ASI intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

A.    Breach of Contract

40.    ASI breached the contract of insurance it had with Plaintiff. ASI breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

B.    Noncompliance with Texas Insurance Code: Unfair Settlement Practices

41.    Defendant ASI's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

42.    Defendant ASI's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

43.    Defendant ASI's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though ASI's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an

9

141-278157-15

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

44.     Defendant ASI's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

45.     Defendant ASI's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

46.     Defendant ASI's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

> Ç.     **Noncompliance with Texas Insurance Code:  Prompt Payment of Claims Statute**

47.     Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

48.     ASI failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

141-278157-15

49.     ASI failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

50.     ASI delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

**D.      Breach of the Duty of Good Faith and Fair Dealing**

51.     ASI breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

**E.      Knowledge**

52.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

### DAMAGES

53.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

54.     The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

55.     For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

56.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid

11

141-278157-15

pursuant to the policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE § 541.152.

57.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE § 542.060.

58.     For breach of the common law duty of good faith and fair dealing, Plaintiff is  entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

59.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

### JURY DEMAND

60.     Plaintiff hereby demands a trial by jury and tender the appropriate fee.

### DISCOVERY REQUESTS

61.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

62.     Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

141-278157-15

## PRAYER

63.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants

to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers

from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial

and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs

of court, and such other and further relief, both general and special, at law or in equity, to which

Plaintiff is justly entitled.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

**Matthew J. Worrall**
SBN: 24070883
**William H. Barfield**
SBN: 24031725
**Andrew A. Woellner**
SBN: 24060850
100 Waugh Drive, Suite 350
Houston, Texas 77007
Telephone (713) 963-8881
Facsimile (713) 574-2938
Emails: mworrall@potts-law.com
        wbarfield@potts-law.com
        awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

141-278157-15

Cause No. _____

| BARBARA DAVIE | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| | § | |
| ASI LLOYDS AND AARON REAGAN | § | _____ JUDICIAL DISTRICT |
| | § | |
| *Defendant* | § | |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that Defendant(s) answer the following Interrogatories and Requests for Production separately and fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of service. Serve answers to the requests on Plaintiff by and through his/her attorney of record.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

1.     "You", "your", and "defendant" shall mean the Defendant the interrogatories and requests for production are addressed to in this case, and shall include past or present directors, officers, representatives, employees, agents, guardians, attorneys, or any other person or persons acting or purporting to act on your behalf, whether authorized to do so or not.

2.     "Any" includes the word "all" and "all" includes the word "any".

3.     The term "person" or "persons" shall mean all individuals and entities, including, but not limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, governmental entities, domestic or foreign, unincorporated associations, or any other form of business, governmental, public or charitable entity.

4.     Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural, wherever the effect of doing so is to increase the information in your responses.

14

141-278157-15

5.      The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

6.      "Identify" or give the "identity of" means:

i.      In the case of a <u>person</u>, to state such person's
(1)     full name;
(2)     last known home and business address and home and business telephone number;
(3)     employer or business affiliation; and
(4)     occupation and business position held.

ii.     In the case of a <u>document</u>, to state:
(1)     the identity of the person or persons preparing it and the sender;
(2)     its title or a description of the general nature of the subject matter;
(3)     the identity of the addressee(s), if any;
(4)     its date or dates of preparation;
(5)     its date or dates and manner of distribution and publication, if any;
            (6)     the location of each copy and the identity of its present custodian;
            (7)     the type of document; and
            (8)     all characteristics by which that document might be distinguished from any other document.

iii.    In the case of a communication in the form of an <u>oral statement</u>, to state:
(1)     the identity of the person uttering the oral statement;
(2)     the place at which such oral statement was uttered;
(3)     the date on which such oral statement was uttered;
(4)     the identity of each person in whose presence or hearing such oral statement was uttered; and
(5)     the substances of the oral statement.

7.      "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.      "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.      "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.     "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

141-278157-15

11.    "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.    "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats, microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the original, and also including any reproduction or copies of documents of which the originals are not in the possession, custody or control of Defendant.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed.  If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

11.    "Incident", "accident", and/or "occurrence", and/or "collision" shall mean and refer to that certain incident which is described in more detail in Plaintiff's Original Petition currently on file herein.

12.    A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter.  The information need not be admissible and personal knowledge is not required.  Identification of a person with knowledge of relevant facts should include a current address and telephone number.

13.    When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

141-278157-15

Respectfully submitted,

THE POTTS LAW FIRM, LLP

**Matthew J. Worrall**
SBN: 24070883
**William H. Barfield**
SBN: 24031725
**Andrew A. Woellner**
SBN: 24060850
100 Waugh Drive, Suite 350
Houston, Texas 77007
Telephone (713) 963-8881
Facsimile (713) 574-2938
Emails: mworrall@potts-law.com
         wbarfield@potts-law.com
         awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

17

141-278157-15

Cause No. _____

| | | |
|---|---|---|
| BARBARA DAVIE | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| | § | |
| ASI LLOYDS AND AARON REAGAN | § | _____ JUDICIAL DISTRICT |
| | § | |
| *Defendant* | § | |

## INTERROGATORIES TO INSURER

1. Identify the name, job title, dates of employment and a brief description for all persons providing information for the answers to these interrogatories.

**ANSWER**

2. Identify all persons and entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

**ANSWER**

3. Identify the name and job title of each person who inspected the Property made the basis of this Lawsuit and the date of the inspection.

**ANSWER**

4. State the date Defendant closed Plaintiff's claim and to the extent Defendant asserts statute of limitations as a defense, state all dates and manners in which Defendant notified Plaintiff(s)

**ANSWER**

5. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under the Policy or Texas Insurance Code, and, if so, describe how notice was deficient and the resulting prejudice, if any.

**ANSWER**

141-278157-15

6. At the time the claim made the basis of this Lawsuit was investigated and inspected, describe all damage attributable to the storm observed at the Property by Defendant, or persons or entities on behalf of Defendant.

**ANSWER**

7. Please identify all documents and information requested from Plaintiff at the time the claim made the basis of this Lawsuit was investigated, stating the date and manner in which the request was made, and identify the requested documents Defendant claims Plaintiff failed to provide upon Defendant's request.

**ANSWER**

8. If you contend Plaintiff's damages claimed in this lawsuit are from a prior insurance claim or prior unrepaired damage, please list all prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any.

**ANSWER**

9. Describe Defendant's method of determining whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, and whether Defendant has a policy or procedure in place regarding the method of determining O&P.

**ANSWER**

10. List all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the factual basis that Defendant relies upon to apply that exclusion.

**ANSWER**

11. Identify all items on the claim made the basis of this Lawsuit that Defendant applied depreciation, stating for each item the method for calculating the depreciation and the age of the item.

**ANSWER**

12. State whether Defendant applied depreciation to labor and removal of the roof in the claim made the basis of this lawsuit, identifying the basis for that depreciation and the applicable policy section.

**ANSWER**

141-278157-15

13. State whether sales tax was paid by Defendant on all materials and/or labor and the method of calculation.

**ANSWER**

14. State the Date Defendant first anticipated litigation.

**ANSWER**

15. State whether the estimate(s) prepared for the claim made the basis this Lawsuit by Defendant, or on Defendant's behalf, failed to identify any storm related damage at the Property. If so, identify each item of damage.

**ANSWER**

16. Identify all underwriting reports in Defendant's possession or control for the Property.

**ANSWER**

17. State whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment and describe each item or payment by stating whether it should have been included or excluded from the estimate.

**ANSWER**

18. Identify the amount of attorneys' fees incurred by Defendant to date and in connection with this amount state:
   a. The activities and work performed from the inception of the representation of Defendant through Present.
   b. The amount of time spent on each of the activities performed from the inception of the representation through Present.
   c. The name and hourly rate charged by each of the attorneys representing Defendant in this case from the inception of the representation until Present; and the date in which the representation of Plaintiff began by each attorney.

**ANSWER**

19. What is your compensation arrangement with your expert witness in this case?

**ANSWER**

141-278157-15

20. Describe the work performed by your expert witnesses in this case, including a description of the work, the time the work took to complete, the name of the person who completed the work, the date of the work and the rate charged or applied to the work.

**ANSWER**

21. State every basis, in fact and based on the terms of the policy, for defendant's denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s)

**ANSWER**

22. If you contend that the Policy is void for any reason, state the factual basis for that contention.

**ANSWER**

141-278157-15

Cause No. _____

| | | |
|---|---|---|
| BARBARA DAVIE | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| | § | |
| ASI LLOYDS AND AARON REAGAN | § | _____ JUDICIAL DISTRICT |
| | § | |
| *Defendant* | § | |

## REQUEST FOR PRODUCTION TO INSURER

1.      The following insurance documents issued for the Properties as identified in the Petition:

a.      the policy at issue for the date of loss as identified in the Petition; and

b.      the policy declarations page for the 3 years preceding the storm.

RESPONSE:

2.      Produce underwriting files and documents relating to the underwriting for all insurance policies for the Properties identified in the Petition. This request is limited to the past 3 years. To the extent Defendant contends that the underwriting file or documents older than 3 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:

3.      All documents relating to the condition or damages of the Properties or any insurance claim on the Properties identified in the Petition.

RESPONSE:

4.      All documents relating to any real property insurance claims made by Plaintiff at the insured premises that are the basis of this Lawsuit or business interruption, loss of income and/or business loss claims made by the Plaintiff(s). This request is limited to the past 3 years. To the extent Defendant contends that documents older than 3 years impact the damages or coverage, produce that document.

RESPONSE:

141-278157-15

5.     All requests for information to any third party about the Properties, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:


6.     All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage, business interruption, loss of income and/or business loss.

RESPONSE:


7.     All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Properties, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

RESPONSE:


8.     All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Properties made the basis of this Lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:


9.     Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:


10.     To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

23

141-278157-15

11.   A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:


12.   All organizational charts, diagrams, lists, and/or documents reflecting each department. Division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:


13.   All Texas insurance licenses and/or certifications in effect that the time of the claims arising out of the storm made the basis of plaintiff's claim for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications.

RESPONSE:


14.   If an engineer and/or engineering firm evaluated the Properties, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:


15.   Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above within the last 3 years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

141-278157-15

16.    All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:


17.    All documents relating to issues of honesty, criminal actions. past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:


18.    All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


19.    All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


20.    Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

RESPONSE:


21.    All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

141-278157-15

22.    Any email or document that transmits, discusses, or analyzes any report produced in response lo Request for Production No. 21 above.

RESPONSE:


23.    For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, all documents or tangible things that have been provided to, reviewed by, or prepared for any testifying expert.

RESPONSE:


24.    Pursuant to Texas Rule of Evidence 609(1), provide all documents evidencing conviction of a crime which You intend to use as evidence to impeach any party or witness.

RESPONSE:


25    All indemnity agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


26.    All contracts in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


27.    All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

141-278157-15

28.    All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

RESPONSE:

29.    To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:

30.    If a claim for business interruption, loss or income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:

31.    If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff's claim(s) regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

141-278157-15

Cause No. _____

| | | |
|---|---|---|
| BARBARA DAVIE | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| | § | |
| ASI LLOYDS AND AARON REAGAN | § | _____ JUDICIAL DISTRICT |
| | § | |
| *Defendant* | § | |

### INTERROGATORIES TO DEFENDANT ADJUSTER

1.      Identify all email accounts, email addresses, and/or any alias or code used to identify You and used for any communication relating to Your work handling hail and/or windstorm claims arising out of the storm at issue. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

RESPONSE:

2.      Identify generally the training or experience You had in adjusting hail and/or windstorm damage and any specific training You had for this storm prior to Your handling of claim made the basis of this Lawsuit.

RESPONSE:

3.      Identify any degrees, Texas insurance licenses (unless You qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses You held from other states) or certifications You had at the time You handled the claim made the basis of this Lawsuit.

RESPONSE:

4.      Explain how You are compensated and by whom for Your work on claims arising out of the storm at issue in this Lawsuit, stating the amount You were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, You may refer to such personnel file.

RESPONSE:

5.      Identify the following dates:

a.      The date You first obtained an adjuster license in the State of Texas;

b.      The first date You were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;

28

141-278157-15

c.    The date You were first assigned to handle claims arising from the storm at issue in this Lawsuit;

d.    The date You closed Your file on the claim made the basis of this Lawsuit; and

RESPONSE:

6.    Describe in detail each inspection You conducted of the Properties made the basis of this Lawsuit, identifying:

a.    The name and job title of any person who inspected the Properties with You;

b.    The date of each inspection;

c.    The purpose of each inspection;

d.    The length of time of each inspection;

e.    The equipment or tools used during each inspection;

f.    The areas of the Properties inspected (i.e. roof, attic, individual rooms, exterior); and

g.    Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:

7.    Following the inspection(s), did You engage in any additional communications (e.g., telephone, in person. written communication) with Plaintiff? If yes, provide the following information:

a.    the date of such communication(s);

b.    the manner of such communication(s);

c.    the person to whom You communicated;

d.    the reason for the communication(s);

e.    for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which You called or on which You received the call; and

f.    the general substance of the communication.

RESPONSE:

141-278157-15

8.      Identify and describe all damage You observed during Your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage You observed during Your inspection is reflected in scope notes and photographs, You can refer Plaintiff to such scope notes and/or photographs.

RESPONSE:


9.      For all damage observed at the Properties or reflected in Your scope notes and/or photographs, state what Your believe to be the cause of the damage, describing the investigatory steps You took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

RESPONSE:


10.      To the extent You applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

RESPONSE:


11.      Identify the information You used to determine and how You calculated the amount of depreciation that You applied to any damage categories included in any estimates You prepared and/or approved on the claim made the basis of this Lawsuit.

RESPONSE:


12.      How did You determine whether You would or would not apply overhead and profit (O&P) to Plaintiff's claim?

RESPONSE:


13.      Identify all documents that You relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

RESPONSE:

141-278157-15

14.     Identify all documents or information You requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the agent and/or employee of Plaintiff who received the request.

RESPONSE:

15.     Identify all documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

16.     To the extent You are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information You provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

RESPONSE:

17.     Identify and describe any training, guidance or instruction provided to You by any person and/or entity regarding the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

141-278157-15

Cause No. _____

| BARBARA DAVIE | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| | § | |
| ASI LLOYDS AND AARON REAGAN | § | _____ JUDICIAL DISTRICT |
| | § | |
| *Defendant* | § | |

## REQUESTS FOR PRODUCTION TO DEFENDANT ADJUSTER

1.     All documents related to Plaintiff, the Properties, the Policy, and/or the claim made the basis of this Lawsuit.

RESPONSE:


2.     All licenses or certifications that are identified in response to Interrogatory Number 3.

RESPONSE:


3.     All training documents You have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

RESPONSE:


4.     All applications You submitted (or submitted on Your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time you investigated Plaintiff's claim.

RESPONSE:


5.     All resumes for the last 5 years.

RESPONSE:

141-278157-15

6.     All applications for employment You submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the 5 years preceding the date of loss at issue in this Lawsuit.

RESPONSE:


7.     All documents You relied upon in the adjustment of the claim made the basis of this Lawsuit.

RESPONSE:


8.     To the extent You made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:


9.     To the extent You made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:


10.     All documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:


11.     All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

RESPONSE:

141-278157-15

12.     All training manuals in effect at the time of Plaintiff's claim used for software programs utilized in the claim made the basis of this Lawsuit.

RESPONSE:


13.     All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding Your handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


14.     All documents relating to any Texas Department of Insurance complaints made against You by an insured related to claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


15.     All contracts, indemnity agreements, and/or confidentiality agreements between You and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


16.     All price lists used by You in handling claims arising out of the storm at issue in this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:


17.     All weather reports regarding wind and/or hail relied upon by You in handling claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

141-278157-15

18.     All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list You used in handling Plaintiff's claim.

RESPONSE:

19.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating business interruption, loss of income and/or business loss damages covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:

20.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption, loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:

21.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff's claim(s) in the last 3 years regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:





UNITED STATES POSTAGE

$ 08.24⁰

02 1R
0002005965     APR 29 2015
MAILED FROM ZIP CODE 76196

PITNEY BOWES

RECEIVED

MAY 0 4 2015

TCCI

CERTIFIED MAIL®

7014 2120 0002 2979 2648

TARRANT COUNTY
THOMAS A. WILDER
DISTRICT CLERK - CIVIL
401 W. BELKNAP STREET
FORT WORTH, TEXAS 76196-0402

DOCUMENT PRODUCTION

141-278157-15 CM
ASI LLOYDS
B/S RODNEY D BUCKER REG AGT
700 N PEARL ST 25TH FL
DALLAS, TX 75201-2825



Exhibit F-2

S E R V I C E     R E P O R T
(Certified Mail Only)

Cause Number: 141-278157-15

Party Name   : ASI LLOYDS

This service of process is being returned  UNDERLINE EXECUTED  for
the following reason:

Date: 05/07/2015                    Service Fee:   75.00

_____
                    Deputy District Clerk

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X ☐ Agent ☐ Addressee <br> B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to: <br><br> 141-278157-15 CM <br> ASI LLOYDS <br> B/S RODNEY D BUCKER REG AGT <br> 700 N PEARL ST 25TH FL <br> DALLAS, TX 75201-2825 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> 3. Service Type <br> ☑ Certified Mail  ☐ Priority Mail Express™ <br> ☐ Registered  ☐ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ Collect on Delivery <br> 4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number <br> (Transfer from service label) | 7014 2120 0002 2979 2642 |
| PS Form 3811, July 2013 | Domestic Return Receipt |

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

| *CITATION* | *Cause No. 141-278157-15* |

### BARBARA DAVIE
#### VS.
### ASI LLOYDS, ET AL

## TO: ASI LLOYDS

B/S RODNEY D BUCKER REG AGT 700 N PEARL ST 25TH FL DALLAS, TX 75201- US

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 141st District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

BARBARA DAVIE

Filed in said Court on April 29th, 2015 Against
ASI LLOYDS, AARON REAGAN

For suit, said suit being numbered 141-278157-15 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

THOMAS A. WILDER
DISTRICT CLERK

FILED
TARRANT COUNTY
15 MAY -7 AM 10: 42

### MATTHEW J WORRALL
Attorney for BARBARA DAVIE Phone No. (713)963-8881
Address    100 WAUGH DR STE 350 HOUSTON, TX 77007

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 29th day of April, 2015.

By _____ Deputy
KIMBERLY KRUMLAND

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 200 E WEATHERFORD, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION having first endorsed on same the date of delivery.

_____

Deputy/Constable/Sheriff: _____

County of _____ State of _____ By _____ Deputy

Fees $_____

State of _____ County of _____ (Must be verified if served outside the State of Texas)

Signed and sworn to by the said _____ before me this _____ day of _____, ____

to certify which witness my hand and seal of office

(Seal) _____

County of _____, State of _____

*CITATION*

Cause No. 141-278157-15

BARBARA DAVIE

VS.

ASI LLOYDS, ET AL

ISSUED

This 29th day of April, 2015

Thomas A. Wilder
Tarrant County District Clerk
200 E WEATHERFORD
FORT WORTH TX 76196-0402

By      KIMBERLY KRUMLAND Deputy

MATTHEW J WORRALL
Attorney for: BARBARA DAVIE
Phone No. (713)963-8881
ADDRESS: 100 WAUGH DR STE 350

HOUSTON, TX 77007

*CIVIL LAW*





*14127815715000004*

DISTRICT CLERK
THOMAS A. WILDER
15MAY -7 AM10:42
TARRANT COUNTY
FILED

Exhibit F-3

Cause Number 141-278157-15

BARBARA DAVIE

VS

ASH GROUPS, ET AL

FILED
TARRANT COUNTY

2015 MAY 11 AM 10: 28

OFFICER'S RETURN

THOMAS A. WILDER
DISTRICT CLERK

Received this __Citation By Certified Mail__ on the 29th day of April, 2015 and executed at

__4827 HIDDEN CHESTNUT LN HOUSTON TX 77084__

within the county of _____ State of TX on the 7th day of May, 2015      by mailing to

the within named __AARON REAGAN_____ a true copy of this __Citation By Certified Mail__

together with the accompanying copy of:

__PLAINTIFF'S ORIGINAL PETITION__

Authorized Person/Constable/Sheriff: Thomas A. Wilder
401 W BELKNAP
FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

By  Deputy

KIMBERLY CRUMLAND

Fees $ 75.00

(Must be verified if served outside the State of Texas)

State of _____ county of _____

Signed and sworn to by the said _____ before me this _____

to certify which witness my hand and seal of office

(Seal)                    _____
County of Tarrant, State of Texas

*14127815715000005*

FILED
TARRANT COUNTY
2015 MAY 11   AM 10: 28

THOMAS A. WILDER
DISTRICT CLERK



THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

**CITATION**                        TARR Cause No. 141-278157-15

FILED
TARRANT COUNTY
2015 MAY 11 AM 10: 10

BARBARA DAVIE
VS.

ASI LLOYDS, ET AL

THOMAS A. WILDER
DISTRICT CLERK

TO: AARON REAGAN

4827 HIDDEN CHESTNUT LN HOUSTON, TX 77084- US

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof
before the 141st District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth,
Tarrant County, Texas said PLAINTIFF being

BARBARA DAVIE

Filed in said Court on April 29th, 2015 Against
ASI LLOYDS, AARON REAGAN

For suit, said suit being numbered 141-278157-15 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

MATTHEW J WORRALL
Attorney for BARBARA DAVIE Phone No. (713)963-8881
Address    100 WAUGH DR STE 350 HOUSTON, TX 77007

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 29th day of April, 2015.
                                      By _____ Deputy
                                             KIMBERLY KRUMLAND

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
       Thomas A. Wilder, Tarrant County District Clerk, 200 E WEATHERFORD, FORT WORTH TX 76196-0402

OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION  having first
endorsed on same the date of delivery.

_____
Deputy/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                   _____
                     County of _____, State of _____

FILED
TARRANT COUNTY
2015 MAY 11 AM 10: 10
THOMAS A. WILDER
DISTRICT CLERK

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

DOCUMENT PRODUCTION

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 13.29 |

Postmark Here   APR 29 2015   FT. WORTH TX

7014 4741 7512   0001 0510

141-278157-15

Sent To  AARON REAGAN
Street, Apt. No.; or PO Box No.  4827 HIDDEN CHESTNUT LN
City, State, ZIP+4  HOUSTON, TX 77084

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

2015 MAY 11 AM 10: 10

141-278157-15 CM
AARON REAGAN   THOMAS A. WILDER
4827 HIDDEN CHESTNUT LN   DISTRICT CLERK
HOUSTON, TX 77084

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                          ☐ Agent
                                           ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
                                           MAY 06 2015
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered        ☑ Return Receipt for Merchandise
☐ Insured Mail      ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number
(Transfer from service label)   7014 0510 0001 4741 7512

PS Form 3811, July 2013        Domestic Return Receipt

---

**CITATION**

Cause No. 141-278157-15

BARBARA DAVIE

VS.

ASI LLOYDS, ET AL

ISSUED

This 29th day of April, 2015

Thomas A. Wilder
Tarrant County District Clerk
200 E WEATHERFORD
FORT WORTH TX 76196-0402

By   KIMBERLY KRUMLAND Deputy

MATTHEW J WORRALL
Attorney for: BARBARA DAVIE
Phone No. (713)963-8881
ADDRESS: 100 WAUGH DR STE 350

HOUSTON, TX 77007

CIVIL LAW

*141278157150000005*

# Exhibit F-4

141-278157-15

FILED
TARRANT COUNTY
5/22/2015 2:43:57 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 141-278157-15

| | | |
|---|---|---|
| BARBARA DAVIE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | TARRANT COUNTY, TEXAS |
| | § | |
| ASI LLOYDS and AARON REAGAN, | § | |
| | § | |
| Defendants. | § | 141ST JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

COME NOW, Defendants ASI Lloyds ("ASI") and Aaron Reagan ("Reagan") (collectively "Defendants") file their following Original Answer and Affirmative Defenses to the Original Petition of Plaintiff Barbara Davie ("Plaintiff") and would respectfully show as follows:

### GENERAL DENIAL

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demand strict proof thereof.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

2.     Plaintiff's claims are subject to all of the terms, conditions, limitations, exclusions, and deductibles contained in ASI policy number TXL392857 (the "Policy") issued to Barbara Davie.

#### Second Affirmative Defense

3.     The amount recoverable for Plaintiff's claims is limited by the applicable limits and any sub-limits contained in the Policy.

141-278157-15

### Third Affirmative Defense

4.      Plaintiff's claims are barred, in whole or in part, to the extent the damage, if any, was not caused by or resulting from a covered cause of loss.

### Fourth Affirmative Defense

5.      Plaintiff's claims are barred, in whole or in part, to the extent the damage, if any, was not to property covered by the Policy.

### Fifth Affirmative Defense

6.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed under the Policy was pre-existing and/or did not occur within the applicable Policy period.

### Sixth Affirmative Defense

7.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's and/or his agents' failure to meet all conditions precedent to the recovery Plaintiff now seeks under the Policy.

### Seventh Affirmative Defense

8.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused by wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice, any quality in property that causes it to damage or destroy itself, smog, rust or other corrosion, or wet or dry rot.

### Eighth Affirmative Defense

9.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused directly or indirectly by neglect of Plaintiff and/or his agents to use all reasonable means to save and preserve property at and after the time of a loss.

141-278157-15

### Ninth Affirmative Defense

10.     Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused by acts or decisions, including the failure to act or decide, of any person, group, organization, or governmental body.

### Tenth Affirmative Defense

11.     Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused by faulty, inadequate, or defective:

- Planning, zoning, development, surveying, siting;
- Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
- Materials used in repair, construction, renovation, or remodeling; or
- Maintenance

of part or all of any property whether on or off the "residence premises."

### Eleventh Affirmative Defense

12.     Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused by constant or repeated seepage or leakage of water or steam or the presence of condensation of humidity, moisture or vapor, over a period of fourteen or more days from within a plumbing, heating or air conditioning or from within or around a household appliance.

### Twelfth Affirmative Defense

13.     Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused by settling, shrinking, bulging or expansion, including resultant cracking of pavements, patios, footings, foundations, walls, floors, roofs or ceilings except as specifically provided by the Foundation Coverage HO3 42 FC 05 07 endorsement.

### Thirteenth Affirmative Defense

14.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or his

141-278157-15

agents failed to make reasonable and necessary repairs to protect the property after loss and keep an accurate record of repair expenses.

### Fourteenth Affirmative Defense

15.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or his agents failed to cooperate with ASI in the investigation of the claim.

### Fifteenth Affirmative Defense

16.     Plaintiff's claims are barred, in whole or in part, by the Policy's conditions and duties required of the insured following a loss.

### Sixteenth Affirmative Defense

17.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or his agents' acts or omissions proximately caused or contributed to Plaintiff's injury.

### Seventeenth Affirmative Defense

18.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

### Eighteenth Affirmative Defense

19.     A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. ASI and its employees, agents, representatives, and adjusters are entitled to value claims differently from ASI's policyholders without facing bad faith or extra-contractual liability. ASI would show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence or occurrences to covered property.

20.     To date, Plaintiff has failed to provide sufficient information to enable Defendants to fully evaluate the defenses that may apply to Plaintiff's alleged losses or damages, including an itemized breakdown of its alleged damage. Accordingly, Defendants reserve the right to assert

141-278157-15

additional defenses with respect to such losses or damages as additional information becomes available or apparent as this litigation proceeds.

### ATTORNEYS' FEES AND COURT COSTS

21.    Defendants intend to prove and seek a finding that this suit was brought in bad faith or for the purpose of harassment, which entitles Defendants to attorneys' fees and court costs under Texas Insurance Code § 541.153.  Defendants also intend to prove and seek a finding that this suit is groundless in fact or law and/or brought in bad faith or for the purpose of harassment, which entitles Defendants to attorneys' fees and court costs under DTPA § 17.50(c).

### PRAYER

Defendants pray that (i) Plaintiff's claims for relief be denied in their entirety, (ii) Plaintiff take nothing by his claims, (iii) Defendants be awarded all reasonable attorneys' fees and costs incurred in connection with Plaintiff's claims, and (iv) Defendants be granted such other and further relief to which it is justly entitled.

141-278157-15

Respectfully submitted,

**ZELLE HOFMANN VOELBEL & MASON LLP**

By:    /s/ John W. Maniscalco
    Todd M. Tippett
    Texas Bar No. 24046977
    TTippett@zelle.com
    Andrew A. Howell
    Texas Bar No. 24072818
    AHowell@zelle.com
    John W. Maniscalco
    Texas Bar No. 24078913
    JManiscalco@zelle.com

    901 Main Street, Suite 4000
    Dallas, Texas 75202-3975
    Telephone:    214-742-3000
    Facsimile:    214-760-8994

    **ATTORNEYS FOR DEFENDANTS
    ASI LLOYDS and AARON REAGAN**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Original Answer and Affirmative Defenses has been served this 22nd day of May, 2015, by electronic filing as follows:

Matthew J. Worrall
Texas Bar No. 24070883
mworrall@potts-law.com
William H. Barfield
Texas Bar No. 24031725
wbarfield@potts-law.com
Andrew A. Woellner
Texas Bar No. 24060850
awoellner@potts-law.com
**THE POTTS LAW FIRM, LLP**
100 Waugh Drive, Suite 350
Houston, Texas 77007
Telephone (713) 963-8881
Facsimile (713) 574-2938
**ATTORNEYS FOR PLAINTIFF
BARBARA DAVIE**

          /s/ John W. Maniscalco
          John W. Maniscalco